## BLASENGAME v. McCOY.

No. 2427.

Court of Civil Appeals of Texas. Beaumont. July 12, 1933.

Rehearing Denied July 19, 1933.

D. L. Broadus and F. S. Jones, both of Beaumont, for appellant.

Bruce Votaw and F. M. Sheffield, both of Beaumont, for appellee.

O'QUINN, Justice.

McCoy sued Blasengame (doing business under the name of Elmer's Body Works) in the county court at law of Jefferson county, to recover the possession of a certain automobile alleged to be worth $250, and for damages for the unlawful detention of said car in the sum of $250.

Defendant, Blasengame, answered by general demurrer, general denial, and specially that he took possession of the car at the request of appellee, and said car having been wrecked and damaged, he, at the request of appellee, along with others, submitted his bid for the repair of said car, and that appellee accepted his bid and authorized him to repair said car at a cost of $165. That he furnished all necessary material for repairs on said car and made such repairs, but that appellee refused to pay for same. That when appellee refused to pay for the repairs on the car, he held and stored same for a period of seven months for which he charged appellee the sum of $5 per month. That he charged appellee $4 for transporting the wrecked car to his place of business, which was a reasonable charge, and that in addition to the contemplated charges for repairing the car, he placed a battery in same which was reasonably worth $8.50, making a total amount of $212.50 that appellee owed him for work and material on the car.

By cross-action, appellant sued appellee for the several items above set out, and alleged that he had a mechanic's lien on the car for his charges for material furnished and work done on same, and prayed for judgment for his debt and a foreclosure of his lien.

At the conclusion of the evidence, defendant moved for an instructed verdict, which was refused. The case was then submitted to a jury upon the following special issues:

Special issue No. 1: "Do you find from a

preponderance of the evidence that the defendant, E. D. Blasengame, entered into a contract with the plaintiff, S. C. McCoy, to repair the automobile in question?" To which the jury answered: "No."

Special issue No. 2: "Do you find from a preponderance of the evidence that the plaintiff, S. C. McCoy, confirmed the contract entered into between the defendant, E. D. Blasengame, and William Carls?" To which the jury answered: "No."

Special issue No. 3: "Do you find from a preponderance of the evidence that the plaintiff, S. C. McCoy, gave his consent to the contract entered into between William Carls and the defendant, E. C. Blasengame?" To which the jury answered: "No."

Judgment was entered in favor of appellee for the title and possession of the car, and, if the car could not be had, then that plaintiff, S. C. McCoy, recover jointly and severally from the defendant, Blasengame, and his replevy bondsmen, M. J. Cauley and O. J. West, for its value in the sum of $125; that appellee recover of defendant, Blasengame, the sum of $28.80 for detention of the car; and that appellant, Blasengame, recover of appellee, McCoy, on his cross-action the sum of $39. The costs were adjudged against appellant.

It appears that appellee had loaned his car to one William Carls, and that Carls had wrecked the car, almost destroying its value, and that Carls had authorized appellant to go and get the car and take it to his (appellant's) shop, and had made an agreement with appellant to have the car repaired. The main contest was whether appellee, who knew the car was being repaired by appellant, and who had had several conversations with appellant relative to the repairing of the car, and its cost, and who had visited appellant's shop during the work on the car and urged its speedy completion, had himself agreed to the repairs on the car and had authorized same to be made, or had assented to the agreement for the repair work reached by Carls and appellant. Appellant testified that he had the agreement with appellee and Carls, while appellee denied this, but admitted that he knew of Carls' agreement with appellant to have the work done and that he had not objected to the repairs being made.

We will not further state or discuss the evidence, but will say that we think the judgment should be reversed and the case remanded for another trial, because:

 (a) The answers of the jury to the second and third special issues are, we think, against the great weight and preponderance of the evidence. Said issues were disputed questions of fact, and, as we view the facts and circumstances in evidence, said findings are not sufficiently supported to be controlling.

(b) The judgment recites: "It appearing to the court from the undisputed evidence in the case that the value of the automobile sued upon, at the time of the sequestration was One Hundred Twenty-five ($125.00) dollars, and that the plaintiff was damaged in the sum of Twenty-eight and 80/100 ($28.-80) dollars, but it further appearing to the court that the defendant was entitled, on his cross action, to the sum of Thirty-nine ($39.00) dollars," and then pronounces the judgment above set out.

It might be presumed that the $28.-80 mentioned was for damages for the alleged detention of the car by appellant, but the evidence nowhere shows that to be the sum. There was considerable evidence to show it more and less than that sum. The value of the car was variously testified to be from $250 down. Each of these items was a question of fact, but no such issues were submitted to the jury. We believe that these matters should have been submitted to the jury for their finding. Appellee admitted the correctness of the charge of $4 for transporting the wrecked car to appellant's shop, and the charge of $35 for storage asserted by appellant in his cross-action, and they were properly so found by the court.

The judgment is reversed, and the cause remanded for another trial.